Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ROBERT MILAN JOHNSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ROBERT MILAN JOHNSON,

               Plaintiff,

v.

RICHARD J. BOUDREAU & ASSOCIATES, LLC, a Massachusetts limited liability company, and RICHARD J. BOUDREAU, as an individual and in his official capacity,

               Defendants.

Case No. C07 02783

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
California Civil Code § 1812.700 *et seq.*

Plaintiff, ROBERT MILAN JOHNSON (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney fees and costs for the Defendants' violation of Cal. Civil Code §§ 1812.700-1812.702.

-1-
COMPLAINT

**II. JURISDICTION**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**III. VENUE**

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**IV. INTRADISTRICT ASSIGNMENT**

5.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

**V. PARTIES**

6.      Plaintiff, ROBERT MILAN JOHNSON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, RICHARD J. BOUDREAU & ASSOCIATES, LLC (hereinafter "LLC"), is a Massachusetts limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 77 Main Street, Andover, Massachusetts 01810-3845. LLC may be served at the address of its Agent for Service of Process at: Richard J. Boudreau & Associates, LLC, c/o Richard J. Boudreau, Resident Agent, 77 Main Street, Andover, Massachusetts 01810-3845. The principal purpose of LLC is the collection of debts using the mails and telephone, and LLC regularly attempts to collect debts alleged to be due another. LLC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). LLC is a

third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

8. Defendant, RICHARD J. BOUDREAU (hereinafter "BOUDREAU"), is a natural person and is or was an employee, agent, officer and/or director of LLC at all relevant times. BOUDREAU may be served at his current business address at: Richard J. Boudreau, Richard J. Boudreau & Associates, LLC, 77 Main Street, Andover, Massachusetts 01810-3845 and at his residence address at: Richard J. Boudreau, 2 Tiffany Lane, Andover, Massachusetts 01810-3317. BOUDREAU is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). BOUDREAU is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff is informed and believes, and thereon alleges that BOUDREAU is liable for the acts of LLC because he sets and approves LLC collection policies, practices, procedures and he directed the unlawful activities described herein.

9. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a credit account issued by Providian Financial Corp., and bearing the account number XXXX-XXXX-XXXX-9453 (hereinafter "the alleged debt"). The financial obligation alleged to be originally owed to Providian Financial Corp., by the Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to the Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Tri-Cap Investment Partners, LLC.

12. Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was

1 consigned, placed or otherwise transferred to Defendants for collection from the Plaintiff.

2    13. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which
3 is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

4    14. A true and accurate copy of the collection letter from Defendants to Plaintiff
5 is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

6    15. The collection letter (Exhibit "1") is dated May 26, 2006.

7    16. The collection letter (Exhibit "1") was sent in an envelope on which a postage
8 meter stamp dated May 30, 2006, was imprinted.

9    17. Plaintiff is informed and believes, and thereon alleges that Defendants
10 deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or
11 about May 30, 2006.

12    18. Plaintiff received the envelope containing the collection letter (Exhibit "1")
13 from Defendants on June 2, 2006.

14    19. The collection letter (Exhibit "1") was the initial communication from
15 Defendants to Plaintiff in connection with the collection of the debt allegedly originated by
16 Providian Financial Corp.

17    20. The collection letter (Exhibit "1") informs the reader of the debt being
18 collected in 11 point type.

19    21. The collection letter (Exhibit "1") provides the notice required by Cal. Civil
20 Code § 1812.700(a) in 9 point type.

21    22. The collection letter (Exhibit "1") provides the notice required by Cal. Civil
22 Code § 1812.700(a) in a type-size that is smaller than 12-point type and smaller than the type-size
23 used to inform the Plaintiff of the specific debt.

24    23. On or about February 27, 2007, an employee of the Defendants recorded the
25 following message on the Plaintiff's answering machine:

26   I'm trying to get in contact with Robert Johnson. Robert this is Lance Belarose. I'm
  calling from attorney Richard Boudreau's office. I do need a phone call in response
27   to 866-890-1644. Extension is 346. Thank you.

28    24. On or about March 6, 2007, an employee of the Defendants recorded the

1  following message on the Plaintiff's answering machine:

> I'm trying to get in contact with Robert Johnson. I'm looking for Junior. This is Lance Belarose calling from attorney Richard Boudreau's office. If you could kindly return the phone call the number is 866-890-1644, extension is 346. The call is rather important last time I found I was unable to leave a message. Apparently (inaudible) is too important to take down a message. But I'd appreciate a phone call back. At least extend that courtesy. That parts free. Appreciate it.

25. On or about March 16, 2007, an employee of the Defendants recorded the following message on the Plaintiff's answering machine:

> I'm trying to get in contact with Robert Johnson. Mr. Johnson my name is Lance Belarose. I'm calling from attorney Richard Boudreau's office. Extremely important that you contact me back. The telephone number here is toll free 866-890-1644. Personal extension is 346. Thank you.

26. Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. Defendants' employees failed to disclose that each of their answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

28. On or about April 5, 2007, an employee of the Defendants using the name Lance Belarose telephoned Plaintiff's counsel. During this telephone conversation, Defendants employee:

    a. Failed to disclose that he was a debt collector;

    b. Misrepresented the name of the creditor for whom he was collecting;

    c. Misrepresented that the Plaintiff could not dispute the debt after the 30 day validation period;

    d. Misrepresented that Plaintiff had filed a bankruptcy case; and

    e. Misrepresented that Plaintiff "signed off on these debts being validated."

## VII.  CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff brings the first claim for relief against Defendants under the Federal

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

30. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 28 above.

31. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendant, LLC, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. Defendant, BOUDREAU, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34. The financial obligation allegedly originated by Providian Financial Corp., and allegedly owed by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

35. Defendants' answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:
   a. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

36. Defendants have further violated the FDCPA in the following respects:
   a. Defendants' employee failed to disclose that he was a debt collector, in violation of 15 U.S.C. § 1692e(11);
   b. Defendants' employee misrepresented the name of the creditor for whom he was collecting, in violation of 15 U.S.C. § 1692e(10);
   c. Defendants' employee misrepresented that the Plaintiff could not dispute the debt after the 30 day validation period, in violation of 15 U.S.C. § 1692e(10);
   d. Defendants' employee misrepresented that Plaintiff had filed a bankruptcy case, in violation of 15 U.S.C. § 1692e(10); and
   e. Defendants' employee misrepresented that Plaintiff "signed off on these debts being validated," in violation of 15 U.S.C. § 1692e(10).

37. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the Defendants' violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

39. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

40. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 38 above.

41. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

42. Defendant, LLC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43. Defendant, BOUDREAU, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44. The financial obligation allegedly originated by Providian Financial Corp., and allegedly owed by the Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

45. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to the Plaintiff in a type-size that was at least the same type-size as that used to inform the Plaintiff of his specific debt or 12-point type, in violation of Cal. Civil Code § 1788 *et seq.*, as incorporated by Cal. Civil Code § 1812.702.

46. Defendants' answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

        a. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

47. Defendants have further violated the RFDCPA in the following respects:

        a. Defendants' employee failed to disclose that he was a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17;

        b. Defendants' employee misrepresented the name of the creditor for whom he was collecting, in violation of 15 U.S.C. § 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

        c. Defendants' employee misrepresented that the Plaintiff could not dispute the debt after the 30 day validation period, in violation of 15 U.S.C. § 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

        d. Defendants' employee misrepresented that Plaintiff had filed a bankruptcy case, in violation of 15 U.S.C. § 1692e(10), as incorporated by Cal. Civil Code § 1788.17; and

        e. Defendants' employee misrepresented that Plaintiff "signed off on these debts being validated," in violation of 15 U.S.C. § 1692e(10), as incorporated by Cal. Civil Code § 1788.17.

48. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

49. As a result of the Defendants' willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

50. As a result of the Defendants' violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated

1  by Cal. Civil Code § 1788.17.

2        51.    As a result of the Defendants' violations of the RFDCPA the Plaintiff is
3  entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code §
4  1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

5        52.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the
6  RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies
7  that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11);

c. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et seq.*, and § 1812.700.;

e. Declare that Defendants' violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

f. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g. Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

h. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

i. Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

1  j. Award the Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    ROBERT MILAN JOHNSON

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT MILAN JOHNSON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.