```
Thomas J. Stolp, Esq., Bar No. 114211
ROGERS, MacLEITH & STOLP, LLP
10061 Talbert Avenue, Suite 300
Fountain Valley, CA 92708
Ph:(714) 847-6041
Fax: (714) 968-3372
Email: tstolp.rmslaw@earthlink.net

Attorney for Defendants
Richard J. Boudreau & Associates, LLC
and Richard J. Boudreau, an individual
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ROBERT MILAN JOHNSON, | CASE NO. C 07-02783 PVT |
| Plaintiff, | ANSWER TO COMPLAINT |
| vs. | JUDGE: PATRICIA V. TRUMBULL |
| RICHARD J. BOUDREAU & ASSOCIATES, LLC, a Massachusetts limited liability company, and RICHARD J. BOUDREAU, as an individual and in his official capacity, | |
| Defendants. | |

Defendants, Richard J. Boudreau & Associates, LLC and Richard J. Boudreau, as an individual and in his official capacity, answer the complaint of Plaintiff, Robert Milan Joseph, as follows:

**ANSWER TO INTRODUCTION, JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT, PARTIES, AND FACTUAL ALLEGATIONS**

1.   These answering defendants deny each and every, all and singular, generally and specifically, conjunctively and disjunctively, the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 8, 9, 13, 14, 20, 21, 22, 26, 27, 28,

---

1
ANSWER TO COMPLAINT
Case No. C07-02783 PVT

2.  Defendants have limited or no information or belief sufficient to enable them to answer the allegations of paragraphs 6, 4, 10, 18, 19, 23, 24, 25, of the complaint herein, and asserting his denial on that ground, denies each and every allegation thereof.

### ANSWER TO FIRST CLAIM FOR RELIEF
### FAIR DEBT COLLECTION PRACTICES ACT

3.  Defendants refer to their answer to the Introduction, Jurisdiction, Venue, Intradistrict Assignment and Factual Allegations and incorporates the same as a separate and distinct answer to Plaintiff's First Claim for Relief.

4.  These answering defendants deny each and every, all and singular, generally and specifically, conjunctively and disjunctively, the allegations contained in paragraphs 31, 32, 33, 34, 35, 36, 37, and 38.

### ANSWER TO SECOND CLAIM FOR RELIEF
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

5.  Defendants refer to their answer to the Introduction, Jurisdiction, Venue, Intradistrict Assignment, Factual Allegations and First Claim for Relief and incorporate the same as a separate and distinct answer to Plaintiff's Second Claim for Relief.

6.  These answering defendants deny each and every, all and singular, generally and specifically, conjunctively and disjunctively, the allegations contained in paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52.

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13.   The allegations of each purported claim of relief of the Complaint fail to state a claim upon which relief can be granted against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

14.   Plaintiff has failed to reasonably mitigate his damages, if any, by steps including, but not limited to exercising his rights under the Code of Civil Procedure, the Civil Code, and United States Code.

### THIRD AFFIRMATIVE DEFENSE

15.   By reason of the Plaintiff's conduct herein, including but not limited to his unreasonable delay in asserting the claims made in his complaint, plaintiff has waived whatever right he may have had, if any, to recover under the theories therein set forth.

### FOURTH AFFIRMATIVE DEFENSE

16.   These answering Defendants are informed and believe and thereon alleges that the damages, if any, suffered by Plaintiff were proximately caused and contributed to by Plaintiff's own acts and omissions, both intentional and negligent, so as to preclude Plaintiff from any recovery and relief against these answering Defendants or reducing it proportionally.

### FIFTH AFFIRMATIVE DEFENSE

17.   Plaintiff's purported causes of action are barred by estoppel, in that Plaintiff failed to assert his claims until these answering Defendants had detrimentally changed their position.

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

18.   Plaintiff voluntarily assumed the risk involved in the transactions complained of with full knowledge of the nature and extent of such risks.

**SEVENTH AFFIRMATIVE DEFENSE**

19.   Defendants complied with the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., and complied with the Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 1788, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

20.   Plaintiff waived Defendants' compliance with the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., and with the Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 1788, et  seq.

**NINTH AFFIRMATIVE DEFENSE**

21.   The claims of relief asserted by Plaintiff are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

19.  These answering defendants allege upon institution and/or completion of discovery procedures, it may become evident that there are other affirmative defenses available to these answering defendants and at such time said defenses may be ascertained, this Answer will be amended as will be necessary to properly set forth such additional affirmative defenses.

WHEREFORE, these answering Defendants pray as follows:

1.   That Plaintiff take nothing by his Complaint;

2.   That Defendants be awarded their attorney fees and costs;

1  and,

2    3.  That Defendants be awarded such other and further relief as
3  the Court may deem just and proper.

Date: June 11, 2007          **ROGERS, MacLEITH & STOLP, LLP**

                                     **/s/**
                             By: _____
                                 THOMAS J. STOLP, ESQ.
                                 Attorney for Defendants

TJS:C:\LawOffice\Boudreau\Johnson\Answer.wpd

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is **ROGERS, MacLEITH,& STOLP, LLP,** 10061 Talbert Avenue, Suite 300, Fountain Valley, CA 92708.

    On June 11, 2007, I served the foregoing document described as ANSWER TO COMPLAINT on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

FRED W. SCHWINN, EQ.
CONSUMER LAW CENTER INC.
12 SOUTH FIRST STREET STE 416
SAN JOSE CA 95113-2404

*[ X ]   REGULAR MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fountain Valley, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.*

*[ ]   CERTIFIED MAIL: By placing said envelope in the U.S. Mail by Certified Mail - Return Receipt Requested, to addressee listed on the attached mailing list (Article No. _____)*

*[ ]   PERSONAL SERVICE: I personally served said envelope to the addressee listed on the attached mailing list.*

*[ ]   FACSIMILE: By causing a copy thereof to be telecopied to the party at the facsimile number listed on the attached mailing list. There was no error reported by the machine. I caused the facsimile machine to print a transmission record, a copy of which is attached hereto.*

**[ ]  STATE:**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**[X]  FEDERAL:**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on **JUNE 11, 2007**, at Fountain Valley, California.

    **/s/**
    _____
    Lucia A. Saitta Declarant

6
ANSWER TO COMPLAINT
Case No. C07-02783 PVT

TJS:C:\LawOffice\Boudreau\Johnson\Answer.wpd